**FEDERAL LIFE INS. CO. v. HOLOD.**

No. 183.

District Court, M. D. Pennsylvania.
July 10, 1939.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

Harry Needle, Joseph S. Needle and Ralph P. Needle, all of Scranton, Pa., for defendants.

WATSON, District Judge.

This case is before the Court for disposition of a motion to dismiss the complaint because it fails to state a claim against the defendant upon which relief can be granted and because this Court lacks jurisdiction as the amount in controversy is less than three thousand dollars.

The complaint alleges that a contract of insurance was entered into between the plaintiff and the defendant; that the policy provided indemnity of five thousand dollars for accidental loss of life and indemnity of two hundred dollars per month

for disability, with hospital supplement; that the policy provided that the application should become a part of the contract and "the falsity of any statement in the application, materially affecting either the acceptance of the risk or the hazard assumed hereunder, or made with attempt to deceive, shall bar all right to recovery under this policy". The complaint contains also the allegations that the defendant gave a false answer to one of the questions in the application in that he denied ever having a bodily or mental infirmity, and that this false answer materially affected the risk assumed by the insurer.

It is clear that this complaint sets forth a valid cause of action. The objection of the defendant is that the complaint does not contain a complete statement of the facts which constitute fraud on the part of the defendant, and that a general allegation of fraud is improper and not sufficient. This is without merit here. Where a life insurance policy contains a provision similar to the above quoted clause of the policy, the statements in the application are governed by the same rules as warranties and it is not necessary to show fraud on the part of the insured. Evans v. Penn Mutual Life Insurance Co., 322 Pa. 547, 186 A. 133. In the present case, the plaintiff has alleged the making of the contract; the question in the application and answer made thereto by the defendant; the fact that this answer is false; and that this answer materially affected the risk. Thus, all of the elements of a valid cause of action are alleged.

The plaintiff did not set forth the particular infirmity upon which it will rely to sustain the complaint. However, this defect is more a matter of form than of substance in that the plaintiff did allege, argumentatively perhaps, that the defendant was, on June 5, 1917, totally and permanently physically unfit for military service, thus indicating that the infirmity which resulted in defendant's rejection for military service is the one which will be relied upon at the trial. If the defendant desired more particular or definite information, the Rules of Civil Procedure, 28 U. S.C.A. following section 723c, provide other and ample means for securing such information. A motion to dismiss is not the proper procedure.

That part of the motion which was directed to the jurisdiction of the Court was not pressed by the defendant at the argument. However, under the facts as alleged in the complaint and set forth above, it is clear that an amount in excess of three thousand dollars is here involved, and this Court does have jurisdiction.

Defendant's motion to dismiss this action is refused.